| | |
|---|---|
| 1 | **Bron E. D'Angelo, Esq. (SBN 246819)** |
| | **Anna L. Cornetta, Esq. (SBN 351761)** |
| 2 | **BURGER, MEYER & D'ANGELO, LLP** |
| | 999 Corporate Drive, Suite 225 |
| 3 | Ladera Ranch, CA 92694 |
| | Telephone:   (949) 427-1888 |
| 4 | Facsimile:    (949) 427-1889 |
| | Email: bdangelo@burgermeyer.com |
| 5 |        acornetta@burgermeyer.com |
| 6 | Attorneys for Defendant |
| 7 | WALMART INC |

BURGER, MEYER & D'ANGELO, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY BORGES, an individual, | Case No.: 2:25-cv-00690-MCS-MAA |
| | Judge: Mark C. Scarsi |
| Plaintiff, | |
| vs. | **DEFENDANT WALMART INC.'S RENEWED MOTION TO DISMISS UNDER F.R.C.P RULE 12(b)(5) AND 12(b)(6)** |
| WALMART INC., a corporation; DOE 1, an individual, and DOES 2 through 50, inclusive, | |
| Defendants. | Hearing Date: March 31, 2025 |
| | Time: 9:00 a.m. |
| | |
| | Action Filed:  June 28, 2024 |
| | Trial Date:     None Set |

**TO THE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard in in front of Honorable Mark C. Scarsi of the above-entitled Court, located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 880, 8th Floor, Defendant, WALMART,INC. (the "Defendant"), by and through its attorneys of record, hereby files this Motion to Dismiss for failure to state a claim upon which relief can be granted and insufficient service of process.

This Motion is made and based upon this notice, the accompanying Memorandum of Points and Authorities attached hereto, the papers and pleadings on file herein, and any oral argument that may be presented to the Court at the time of the hearing.

Dated: February 19, 2025              **BURGER, MEYER & D'ANGELO, LLP**

*[signature: Anna Cornetta]*

Bron E. D'Angelo, Esq.
Anna L. Cornetta, Esq.
Attorneys for Defendant
WALMART INC

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND............................... 1

III. LEGAL STANDARD ................................................................................ 2

    a. Federal Rule of Civil Procedure 12(b)(5) – Insufficient Service of Process ................................................................................................... 2

    b. Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim ...................................................................................................... 3

IV. LEGAL ARGUMENT ............................................................................... 3

    a. Plaintiff's Entire Action Must be Dismissed Under FRCP Rule 12(b)(5)……………………………………………………………..3

    b. Plaintiff's Second Cause of Action Must be Dismissed Under FRCP Rule 12(b)(6)……………………………………………………….4

        i. Plaintiff's ADA Violation Claim Must Be Dismissed ............... 4

            1. Lack of Allegation of Violation of Accessibility Standards ................................................................................ 4

                a. *Temporary and Movable Obstruction* ................... 5

        ii. Plaintiff's Unruh Act and California Disabled Persons Act Violation Claim Must Be Dismissed ........................................ 6

V. CONCLUSION ……………………………………………………….6

# TABLE OF AUTHORITIES

**Cases** — **Page(s)**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)……………………………………………………… 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)……………………………………………………..3

*Chapman v. Pier 1 Imports (U.S.) Inc.*
    779 F.3d 1001 (9th Cir. 2015) …………………………………………..5

*Efaw v. Williams*
    473 F.3d 1038 (9th Cir. 2007)……………………………………………3

*Molski v. M.J. Cable, Inc.*
    481 F.3d 724, 730 (9th Cir. 2007) ……………………….……………..4

*Raniere v. Garland*
    664 F.Supp. 3d 554 ……………………………………………………..3

**Rules**

28 C.F.R. Section 36.211(b) ……………………………………………………..5,6

75 Fed.Reg. 56,236, 56,270 (Sept. 15, 2010) … ……………………………………..5

California Rules of Court Rule 3.110(b) ………………………….…..……2

Fed. R. Civ. P. 4(m)…………………………………………………………….2,3

Fed. R. Civ. P. 12(b)(5)…………………………………..……………………1,2,3,4,6

Fed. R. Civ. P. 12(b)(6)…………………………………………………………1,2,3,4,5

Fed. R. Civ. P. 81(c)(1)…………………………………………………………….2

**Statutes**

28 U.S.C. § 1448………………………………………………………………..2

42 U.S.C. § (a)(1) ……………………………………………………………….4

42 U.S.C. § 12183(a)(2) ………………………………………………………….4

42 U.S.C. § 12182(b)(2)(A)(iv)………………………………………………….4

Cal. Civ. Code § 51(b) …………………………………………………………….6

**DEFENDANT WALMART, INC.'S RENEWED MOTION TO DISMISS**

Cal. Civ. Code § 51(f)……………………………………………………………….6

Cal. Civ. Code § 54(c) …………..………………………………………….………6

***Secondary Sources***

ADA Title III Technical Assistance Manual § III–3.7000 ………………..……….5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"), Unruh Civil Rights Act ("Unruh Act"), and California Disabled Persons Act but fails to state a claim upon which relief can be granted as to this cause of action. The Complaint is deficient because it lacks the necessary factual allegations to establish a violation of the ADA and, consequently, the Unruh Act and California Disabled Persons Act. Thus, Plaintiff's second cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Further, Plaintiff's Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2024, Plaintiff filed his Complaint in this case in the Los Angeles County Superior Court. Despite filing the Complaint, Plaintiff did not serve the Complaint and Summons on Defendant until December 27, 2024, far exceeding the time limits for service set forth in the both the California Rules of Court and the Federal Rules of Civil Procedure. On January 27, 2024, Defendant properly removed this action to the United States District Court for the Central District of California under diversity jurisdiction.

The Complaint alleges a first cause of action for negligence/premises liability, a second cause of action for damages (violation of ADA/Unruh/DPA) and a third cause of action for damages (declaratory relief- Cod Civ. Proc. §1060). The Complaint alleges that Plaintiff, a person with a disability, was denied access to a pathway on Defendant's premises due to an obstruction caused by Defendant's employee. Specifically, the Complaint states that Defendant's employee, while operating a merchandise-carrying cart, collided with Plaintiff and caused an injury, thereby obstructing Plaintiff's access to the pathway. Plaintiff further alleges that

Defendant's actions violated the ADA by denying Plaintiff access to the pathway on the basis of his disability, which Plaintiff alleges caused harm.

The Complaint fails to state a valid claim under the ADA. Plaintiff does not adequately allege the essential elements of an ADA claim, including specific acts of discrimination by Defendant.

### III. LEGAL STANDARD

#### a. Federal Rule of Civil Procedure 12(b)(5) – Insufficient Service of Process

Under Rule 12(b)(5), a defendant may move to dismiss a claim for insufficient service of process. Fed. R. Civ. P. 12(b)(5). While the Complaint was originally filed in the Los Angeles Superior Court, Plaintiff's service of process is considered insufficient under both the California Rules of Court Rule 3.110(b) ("the complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint") and the Federal Rules of Civil Procedure Rule 4(m), ("if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

Once an action is removed to federal court, the Federal Rules of Civil Procedure govern procedural matters. Fed. R. Civ. P. 81(c)(1). Therefore, state procedural rules do not apply post-removal, and Rule 4(m) controls. "In all cases removed from any State court to any district court of the United States in which …process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448.

Here, Plaintiff's service was untimely under Rule 4(m). Plaintiff did not serve his Summons and Complaint on Defendant for 182 days after filing the Complaint. To date, Plaintiff has not presented any justification for the extensive delay.

Therefore, Defendant requests the Complaint be dismissed on the grounds of insufficient service of process.

### b. **Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim**

Under Rule 12(b)(6), a defendant may move for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pleading must contain allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id* at 678. (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). If factual allegations are properly pleaded, a court must then "determine whether [the allegations] plausibly give rise to an entitlement to relief." *Id.* at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

### IV. LEGAL ARGUMENT

#### a. **Plaintiff's Entire Action Must Be Dismissed Under FRCP Rule 12(b)(5)**

Federal courts routinely dismiss actions where plaintiffs fail to effectuate timely service under Rule 4(m). See *Raniere v. Garland*, 664 F.Supp. 3d 554 (dismissing under Rule 12(b)(5) where more than 200 days had passed since filing and the court found no good cause for the delay, dismissing all defendants without prejudice). Under Federal Rule of Civil Procedure 4(m), a court may extend the service deadline only if good cause is shown. Good cause for an extension may exist if plaintiff made diligent but unsuccessful attempts at service. See *Efaw v. Williams*,

473 F.3d 1038 (9th Cir. 2007) (the Ninth Circuit held that good cause requires due diligence by Plaintiff and dismissed the case where no diligence was shown).

Here, Plaintiff has no justification for the 182-day delay in service. Since no good cause exists, the Court should dismiss under Rule 12(b)(5).

### b. **Plaintiff's Second Cause of Action Must be Dismissed Under FRCP Rule 12(b)(6)**

#### i. Plaintiff's ADA Violation Claim Must Be Dismissed

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.* 481 F.3d 724, 730 (9th Cir. 2007). Here, Defendant does not dispute that the Plaintiff is disabled or that Defendant operates a place of public accommodation. This motion to dismiss centers on whether Plaintiff has plausibly alleged that Defendant discriminated against him on account of his disability.

Here, Plaintiff failed to state a cause of action for which relief can be granted in accordance with the *Federal Rules of Civil Procedure* 12(b)(6) as Plaintiff failed to plead facts sufficient to satisfy the third element of the alleged ADA violation.

##### 1. Lack of Allegation of Violation of Accessibility Standards

The Complaint alleges that Defendant failed to abide by the applicable requirements and caused the walkway, pathway, or passageway to be obstructed, impeding, blocking, and hindering Plaintiff's safe accessibility while utilizing an electric wheelchair. As stated in the Complaint, "'discrimination'" includes 'a failure to remove architectural barriers… that are structural in nature, in existing facilities where such removal is readily achievable…' 42 U.S.C. section 12182(b)(2)(A)(iv) and 12183(a)(2). 'Discrimination' also includes a failure to design and construct or to make alterations to the facility that render it "readily accessible to and usable by individuals with disabilities.' 42 U.S.C. section (a)(1)." Complaint at ¶32. However, the alleged

obstruction does not meet the necessary criteria to constitute a violation under the ADA, as an employee pushing a merchandise re-stocking cart does not constitute an architectural barrier or a failure to provide accessible facilities as defined under these laws.

### a. Temporary and Movable Obstruction

The alleged incident described involves a temporary and movable obstruction caused by a re-stocking cart, which does not amount to a violation of ADA standards. According to 28 C.F.R. Section 36.211(b), "isolated or temporary interruptions in service or access due to maintenance or repairs" are not violations.

Case law supports the conclusion that the use of a re-stocking cart is temporary or isolated. In *Chapman v. Pier 1 Imports (U.S.) Inc.*, the Ninth Circuit relied partly on the Department of Justice's Technical Assistance Manual ("Manual") to analyze Section 36.211(b), which permits isolated or temporary interruptions in accessibility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001 (9th Cir. 2015). The Manual clarifies that "[a]n isolated instance of the placement of an object on an accessible route would not be a violation, if the object is promptly removed." *Id*. at 1006 (quoting Manual § III–3.7000). DOJ commentaries similarly note that "a temporary interruption that blocks an accessible route, **such as restocking of shelves**," is permitted by § 36.211(b). *Id*. at 1007 (quoting 75 Fed.Reg. 56,236, 56,270 (Sept. 15, 2010)) (emphasis added).

Unlike *Chapman*, where the court found a violation due to Pier 1's repeated failure to maintain accessible routes over multiple visits spanning multiple years, the present case involves a single, temporary obstruction – a moving re-stocking cart – alleged to have blocked access on only one occasion.

As described in Plaintiff's Complaint, the temporary obstruction was described to be a re-stocking cart that was actively being moved. Because § 36.211(b) expressly excuses isolated or temporary interruptions, this allegation amounts to neither a

violation of ADA standards nor the state equivalent. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

### ii. Plaintiff's Unruh Act and California Disabled Persons Act Violation Claim Must Be Dismissed

The Unruh Act states that "all persons [in California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Moreover, a "violation of the right of any individual under the [ADA] shall also constitute a violation of this section." *Id.* at subd. (f) (citation and footnote omitted).

A violation of the ADA also constitutes a violation of the Unruh Act and the California Disabled Persons Act. *Id;* 54(c). Since Plaintiff failed to state a plausible claim for relief under the ADA, both the alleged violations under the Unruh Act and California Disabled Persons Act must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted as to his second cause of action and dismissal is warranted under Rule 12(b)(6). Plaintiff has not sufficiently pleaded that the alleged obstruction was a violation of the ADA under 28 C.F.R. § 36.211(b). Because Plaintiff's allegations concern a singular, momentary obstruction rather than a systemic failure to maintain accessibility, Plaintiff has not pleaded a plausible claim for relief.

Additionally, dismissal is warranted under Rule 12(b)(5) because Plaintiff failed to effectuate proper service. Plaintiff's failure to timely serve Defendant warrants dismissal of the Complaint in its entirety.

Accordingly, Defendant respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint.

///

Dated: February 19, 2025     **BURGER, MEYER & D'ANGELO, LLP**

*Anna Cornetta*
_____
Bron E. D'Angelo, Esq.
Anna L. Cornetta, Esq.
Attorneys for Defendant
WALMART INC

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 999 Corporate Drive, Suite 225, Ladera Ranch, California.

On February 19, 2025, I served the within document(s) described as **DEFENDANT WALMART INC.'S RENEWED MOTION TO DISMISS UNDER F.R.C.P RULE 12(b)(5) AND 12(b)(6)** on the interested parties in this action as stated on the attached mailing list.

| | |
|---|---|
| Delavar Omidfar, SBN 317026<br>MAKKABI LAW GROUP, APC<br>9454 Wilshire Boulevard, Suite 900<br>Beverly Hills, California 90212 | Attorneys for Plaintiff<br>Bradley Borges<br><br>T:   (310) 887-8000<br>F:   (310) 887-8001<br>E:   info@makkabilaw.com<br>      domifar@makkabilaw.com<br>      14@makkabilaw.com |

[ ]   **BY E-MAIL:** I caused a copy of the document(s) to be sent from e-mail address nsebreros@burgermeyer.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 3, 2025, at Ladera Ranch, California.

_____
Nicole Sebreros